FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2002 AUG 27 P 2:35
[CLERK'S OFFICE
AT BALTIMORE]
_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANA LUISA OROPEZA de TOSCANO,  *
et al.
        Plaintiffs        *

        vs.               *   CIVIL ACTION NO. MJG-01-3417

F.M. HARVEY CONSTRUCTION CO.,   *
INC.
        Defendant         *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it the Motion to Dismiss filed by Defendant F.M. Harvey Construction Co., Inc. ("Harvey Construction") to which no timely opposition has been filed. The Court also has a document entitled "Amended Complaint" proffered by Plaintiffs.

On November 16, 2001, Plaintiffs filed the Complaint asserting a claim against Harvey Construction based upon the death of Javier Toscano in an accident occurring on August 16, 2000. On February 4, 2002, Harvey Construction filed the instant Motion to Dismiss asserting that it was the statutory employer of the decedent and, therefore, immune from suit because workers compensation provided the exclusive remedy for the alleged tort at issue. By Order of February 14, 2001, the Court extended the deadline for opposing the instant motion to April 15, 2002. By Order of April 4, 2002, the Court again extended the deadline for

opposing the instant motion to August 2, 2002. Plaintiffs did not timely, or ever, file an opposition to the instant Motion to Dismiss.

On August 12, 2002, Plaintiffs filed the document entitled "Amended Complaint" which appears to modify the Complaint merely by adding as an additional Defendant a person named Brian Sterner, whose precise relation to the events at issue is not specified. Rule 15(a) of the Federal Rules of Civil Procedure provides that once a responsive pleading has been filed, an original pleading may be amended only by leave of Court or with the consent of the adverse party. Plaintiffs did not move for leave of Court to amend the Complaint and have not obtained the consent of Harvey Construction or Brian Sterner.

Under the circumstances here presented, the Court will grant the dismissal motion filed by Harvey Construction.

It appears that Plaintiffs are not barred by limitations from pursuing whatever claim they may have against Brian Sterner with regard to his alleged negligence on August 16, 2000. Accordingly, it appears that no purpose would be served by delaying the final closure of the case against Harvey Construction. Therefore, the Court will not accept the proffered Amended Complaint for filing in the instant case.

For the foregoing reasons:

1. The Motion to Dismiss filed by Defendant F.M. Harvey Construction Co., Inc. is GRANTED.

2. The proffered Amended Complaint is not accepted for filing.

3. Judgment shall be entered by separate Order.

4. Plaintiffs remain free to file a separate suit asserting whatever claim they may have against Brian Sterner.


SO ORDERED this 27th day of August, 2002.

_____
Marvin J. Garbis
United States District Judge